UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------- x

RONALD MASSIE,                                       :
                                                     :
                          Plaintiff,                 :        **MEMORANDUM &**
                                                     :        **ORDER GRANTING**
          -against-                                  :        **DEFENDANT'S MOTION**
                                                     :        **TO DISMISS**
WELLS FARGO BANK, N.A.,                               :
                                                     :        3:23-CV-01548 (VDO)
                          Defendant.                 :
------------------------------------------------------------- x

**VERNON D. OLIVER**, United States District Judge:

Plaintiff Ronald Massie, proceeding *pro se*, brings this action against Defendant Wells

Fargo Bank, N.A. ("Wells Fargo" or "Defendant") in connection with a decade-old foreclosure

lawsuit in which Defendant has sought to enforce the foreclosure of a mortgage on Plaintiff's

home. Wells Fargo moves to dismiss the Amended Complaint ("AC") pursuant to Federal Rule

of Civil Procedure 12(b)(6), contending that the instant action is barred by *res judicata* and

because Plaintiff fails to state any claims against Wells Fargo upon which relief can be granted.

For the reasons discussed below, Wells Fargo's motion to dismiss is **GRANTED**.

I.   **BACKGROUND**

The Court assumes the truth of the factual allegations in the Amended Complaint for

the purposes of deciding Defendant's motion. On May 21, 2013, Wells Fargo commenced a

foreclosure action in Connecticut Superior Court, Stamford Judicial District, to foreclosure a

mortgage securing a debt owed by Plaintiff, evidenced by a January 4, 2002 promissory note,

in the amount of $2,9700,000 (the "Foreclosure Action").[1] (AC, ECF No. 16, at 2, 4 ¶ 5.) On

---

[1] *Wells Fargo Bank, N.A. v. Massie, et al.*, No. FST-CV13-6028422-S (Conn. Super. Ct.). The
Court may take judicial notice of actions and proceedings in other courts. *See Glob. Network*

August 12, 2019, the Superior Court granted Judgment of Foreclosure by Sale, ruling that Plaintiff's total debt was $4,785,353.80 and setting a sale date of Plaintiff's property in Darien, Connecticut for December 7, 2019. (Foreclosure Action at Doc. No. 129.05.) Plaintiff filed an appeal, which was dismissed due to lack of jurisdiction. (*Id.* at Doc. Nos. 185.00, 192.00.) After the appeal was dismissed, Wells Fargo obtained an updated Judgment of Foreclosure on June 22, 2022, which set the sale date for August 20, 2022. (*Id.* at Doc. No. 193.02.) Plaintiff then filed a second appeal and a notice of bankruptcy. (*Id.* at Doc. Nos. 219.00, 220.00.) On November 16, 2022, the Connecticut Appellate Court dismissed Plaintiff's second appeal. (*Id.* at Doc. No. 226.)

On January 25, 2023, Wells Fargo returned to the Foreclosure Action and sought new findings and the reentry of judgment. (*Id.* at Doc. No. 230.) The Superior Court granted Wells Fargo's Motion to Open, re-entering Judgment of Foreclosure by Sale as opened and setting a sale date of June 3, 2023. (*Id.* at Doc. No. 230.04.) Plaintiff filed a motion to file an appeal on May 1, 2023, which the Connecticut Appellate Court denied on May 22, 2023. (*Id.* at Doc. Nos. 256.00, 255.00.)

Plaintiff then again filed a notice of bankruptcy. (*Id.* at Doc. No. 257.) Despite Plaintiff's filing, the foreclosure sale occurred on July 22, 2023. (*Id.* at Doc. Nos. 263.00, 265.00.) On August 23, 2023, the Superior Court granted the Committee for Sale's Motion to Approve Sale over Plaintiff's objection. (*Id.* at Doc. Nos. 263.01, 271.01.) Plaintiff failed to appeal by the deadline. The Committee Deed was filed with the Superior Court on September

---

*Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.").

12, 2023, rendering Wells Fargo the legal owner of Plaintiff's property. (*Id.* at Doc. No. 275.00.)

Plaintiff now contends that Wells Fargo filed and relied upon a false affidavit in the Foreclosure Action, thus making its successful efforts to enforce the mortgage in that case "void" and improper. (AC ¶¶ 8–9.) He contends that Wells Fargo's filing of the affidavit (the "Garza Affidavit") and pursuit of foreclosure in the Foreclosure Action constitutes a "cynical and shameless theft" and a "fraud on the court." (*Id.* at 7, ¶¶ 1–23.) Plaintiff raises six causes of action—(1) violation of the Fair Debt Collection Practices Act ("FDCPA"), (2) cynical and shameless theft, (3) fraud on the Court, (4) count in detrimental reliance, (5) slander of title, and (6) intentional infliction of emotional distress—and seeks $67 million dollars in damages and a declaration that he remains the owner of the property. (*Id.* at Prayer for Relief.)

## II.   **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ray v. Watnick*, 688 F. App'x 41, 41 (2d Cir. 2017) (quoting *Ashcroft*, 556 U.S. at 678).

In deciding a motion to dismiss, the Court must accept the well-pleaded factual allegations of the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Warren v. Colvin*, 744 F.3d 841, 843 (2d Cir. 2014). The Court must then determine whether those allegations "plausibly give rise to an entitlement to relief." *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). The Court is not required to accept as true "conclusory

allegations or legal conclusions masquerading as factual conclusions." *Rolon v. Henneman*, 517 F.3d 140, 149 (2d. Cir. 2008) (internal quotation marks omitted).

Documents filed *pro se* must be liberally construed and interpreted "to make 'the strongest arguments that they suggest.'" *Wiggins v. Griffin*, 86 F.4th 987, 996 (2d Cir. 2023) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Even in a *pro se* case, however, 'although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

## III.   <u>DISCUSSION</u>

Defendant moves to dismiss Plaintiff's claims primarily on the grounds that they are precluded by *res judicata*, predicated on the prior foreclosure action filed against Plaintiff in Connecticut Superior Court in 2013. (Def. Mem., ECF No. 19-1, at 8–11.) The Court agrees with Defendant.

Under both Connecticut and federal law, the doctrine of *res judicata* provides that "a final judgment, when rendered on the merits, is an absolute bar to a subsequent action, between the same parties or those in privity with them, upon the same claim." *Dowling v. Finley Assocs., Inc.*, 727 A.2d 1245, 1250 (Conn. 1999). "This doctrine means that once a case reaches a final judgment on the merits, the parties cannot later relitigate the issues that were raised or could have been raised in that earlier case." *Vandever v. Emmanuel*, 606 F. Supp. 2d 253, 254 (D. Conn. 2009); *see also Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 110–11 (2d Cir. 2000) ("[A] plaintiff cannot avoid the effects of res judicata by 'splitting' his claim

into various suits, based on different legal theories (with different evidence 'necessary' to each suit).");  *Chien v. Skystar Bio Pharm. Co.*, 623 F. Supp. 2d 255, 260 (D. Conn. 2009) (*Res judicata* "bars not only those claims or legal theories that were asserted in the prior action, but also those legal claims or theories that could have been asserted, regardless whether they were in fact raised by the parties, so long as they arise from the same transaction that formed the basis of the prior action.") (internal quotation marks and citations omitted). *Res judicata* "prevents the subsequent litigation of any ground of recovery that was available in the prior action, whether or not it was actually litigated or determined." *Id.* (quoting *Balderman v. U.S. Veterans Admin.*, 870 F.2d 57, 62 (2d Cir. 1989)).

Connecticut has adopted a transactional test for determining whether an action involves the same claim as a prior action such that *res judicata* applies. *Weiss v. Weiss*, 998 A.2d 766, 776 (Conn. 2010). "'The transactional test measures the preclusive effect of a prior judgment, which includes any claims relating to the cause of action that were actually made or might have been made.'" *Legassey v. Shulansky*, 611 A.2d 930, 932 (Conn. App. Ct. 1992) (quoting *Vakalis v. Kagan*, 557 A.2d 1285, 1287 (Conn. App. Ct. 1989)). "In implementing this test, [the Connecticut Supreme Court] has considered the group of facts which is claimed to have brought about an unlawful injury to the plaintiff and has noted that even though a single group of facts may give rise to rights for several different kinds of relief, it is still a single cause of action." *Weiss*, 998 A.2d at 776 (internal citation and quotation marks omitted); *see also Lighthouse Landings, Inc. v. Conn. Light & Power Co.*, 15 A.3d 601, 616 (Conn. 2011) (same).

The present action involves the same nucleus of operative facts that formed the basis for the state court foreclosure action instituted against Plaintiff in 2013 and for which a

judgment of foreclosure was entered in 2019, and again in 2022 and 2023.[2] The Court reiterates these facts here to demonstrate the multiple points and opportunities in the Foreclosure Action at which Plaintiff could have raised the claims alleged in the instant action, but chose not to do so.

"To secure the proposed credit facility" Plaintiff references in this action, Plaintiff and his wife "signed a proposed pledge of real property[.]" (AC at 2.) The mortgage was held by Wells Fargo. "By Return Date of May 28, 2013, [] Wells Fargo filed suit against plaintiff Massie in the Connecticut Superior Court alleging an unpaid promissory note[.]" (*Id.* at 4 ¶ 5.) Plaintiff answered Wells Fargo's complaint in the Foreclosure Action more than four years later, and after Wells Fargo had filed a Motion for Judgment of Strict Foreclosure on October 30, 2017. (Def. Mem. at 3; Foreclosure Action, Doc. No. 217.06 at 3.) The Superior Court heard Wells Fargo's motion on August 12, 2019, entered a Judgment of Foreclosure by Sale, and ordered a sale date of December 7, 2019. (*Id.*) The day before the scheduled sale date, Plaintiff filed an appeal of the Court's decision, and the Court stayed the sell. (Foreclosure Action, Doc. No. 217.06 at 3.) On July 16, 2020, the Appellate Court dismissed the appeal for lack of jurisdiction. (Foreclosure Action, Doc. No. 192.00.) Plaintiff also filed several other motions to open and vacate the judgment, all of which were denied. (Foreclosure Action, Doc. No. 217.06 at 3.)

---

[2] "[I]n considering a *res judicata* defense, a court may judicially notice prior pleadings, orders, judgments, and other items appearing in the court records of prior litigation that are related to the case before the Court." *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005) (taking judicial notice of pleadings filed in state superior and appellate court in claim for dismissal based on *res judicata*).

On August 15, 2022, Plaintiff filed a motion to dismiss the Foreclosure Action asserting that Wells Fargo did not comply with C.G.S. § 8-265ee, which requires mortgagees to provide mortgagors with certain notices by certified mail, known as the EMAP notice. (*Id.* at 3–4.) In denying the motion, the Superior Court noted that "[a]t no time in the five years between the filing of [Wells Fargo's] EMAP affidavit and the filing of their Motion to Dismiss did [Plaintiff] attempt to contradict the provisions of the affidavit." (*Id.* at 4.) Plaintiff again filed an appeal from the denial of the motion to dismiss, the denial of the motion to open a judgment, the Court's failure to respond to Plaintiff's emergency case flow request, and for denial of constitutional rights, which was dismissed for lack of final judgment on November 16, 2022. (*Id.*)

In January 2023, Wells Fargo returned to the Foreclosure Action and sought new findings and the reentry of judgment. (Foreclosure Action, Doc. No. 230.) On April 11, 2023, the Superior Court granted Wells Fargo's Motion to Open, re-entering Judgment of Foreclosure by Sale as opened and modified, and setting a sale date for June 3, 2023. (*Id.* at Doc. No. 230.04) Plaintiff appealed this decision again, which the Appellate Court denied on May 22, 2023. (*Id.* at Doc. Nos. 256.00, 255.00.) The foreclosure sale occurred on July 22, 2023. (*Id.* at Doc. No. 265.00.) The Superior Court granted the Committee for Sale's Motion to Approve Sale on August 23, 2023, and Plaintiff did not appeal this decision. (*Id.* at Doc. Nos. 263.01, 271.01.) The Committee Deed was filed with the Court on September 12, 2023.

All of the claims asserted in the instant action were either raised, or could have been raised, in the Foreclosure Action against Defendant in Connecticut Superior Court and are thus precluded based on the doctrine of *res judicata*. The same transaction at issue in the Foreclosure Action is also at issue in this action. All of Plaintiff's allegations stem from the

promissory note between Plaintiff and Wells Fargo executed in 2002 and the subsequent foreclosure on that note. Indeed, Plaintiff's Amended Complaint is premised on a "false" affidavit filed by Defendant in the Foreclosure Action in 2017. Although Plaintiff argued in the Foreclosure Action that his constitutional rights were violated and that Defendant failed to comply with the EMAP notice statute—claims that Plaintiff does not raise in this action—the Superior Court ultimately, and on multiple occasions, entered a Judgment of Strict Foreclosure on Plaintiff's property in favor of Wells Fargo. Thus, this Court may not provide a second forum to litigate Plaintiff's claims of violation of the FDCPA, fraud on the court, slander of title, and intentional infliction of emotional distress.[3] Additionally, Plaintiff is barred from raising claims in this action that could have been brought in the prior Foreclosure Action. Therefore, Plaintiff's claims, all of which arise from the same mortgage transaction as in the Foreclosure Action and none of which were explicitly raised in the Foreclosure Action, are barred from re-litigation in this Court. *See, e.g.*, *Osagie v. U.S. Equities Corp.*, No. 3:16-CV-01311 (VAB), 2017 WL 3668590, at *10 (D. Conn. Aug. 24, 2017) (holding FDCPA claim as barred because plaintiff "could likely have raised this claim in the state court action").

Furthermore, the Foreclosure Action constituted a final adjudication on the merits, thus barring the instant action in federal court. Courts in this Circuit have held, and the Second Circuit has affirmed, that a foreclosure proceeding may constitute an adjudication on the merits. In *Swiatkowski v. CitiBank*, the plaintiff debtor/mortgagor brought claims against the creditor/mortgagee alleging violations of the mortgagor's rights under the First, Fifth, Sixth,

---

[3] As Defendant properly notes in its memorandum (Def. Mem. at 18-19), "count in detrimental reliance" and "cynical and shameless theft" are not judiciable claims.

8

Thirteenth, Fourteenth, and Fifteenth Amendments to the Constitution, as well as RICO violations, after having suffered a judgment of foreclosure and several foreclosure actions against her in trial court, and having attempted to remove these actions to federal court on several occasions after the judgment of foreclosure had entered. 745 F. Supp. 2d 150 (E.D.N.Y. 2010). The Eastern District of New York held that plaintiff's claims were barred in their entirety on *res judicata* and collateral estoppel grounds, finding that "the earlier state court action, which included a Final Judgment of Foreclosure and Sale, was a 'previous adjudication on the merits.'" *Id.* at 171. Specifically, the Court noted that "[m]any of the factual allegations plaintiff raises in opposition to the instant motion to dismiss involve issues that could have been raised as claims or defenses in the state court [foreclosure] proceedings." *Id.* at 172. After reviewing the record *de novo*, the Second Circuit affirmed the *Swiatkowski* Court's holding that the plaintiff's claims were barred. *Swiatkowski v. CitiBank*, 446 F. App'x 360 (2d Cir. 2011).

Courts in other jurisdictions have similarly held that a state court's judgment of foreclosure constitutes an adjudication on the merits for purposes of *res judicata. See Anyanwutaku v. Fleet Mortg. Grp., Inc.*, 85 F. Supp. 2d 566, 571 (D. Md. 2000) (holding that *res judicata* barred plaintiff's claims of fraud, conversion, and constitutional violations stemming from earlier foreclosure proceedings in state court; "[t]he basis of both state proceedings and this proceeding are the factual and legal circumstances surrounding the foreclosure action at issue"); *Done v. Wells Fargo Bank, N.A.*, No. 08–CV–3040 (JFB)(ETB), 2009 WL 2959619, at *4 (E.D.N.Y. Sept. 14, 2009) (dismissing plaintiff's challenge to a foreclosure action on *res judicata* and *Rooker–Feldman* grounds where plaintiff alleged fraud, conspiracy, racketeering, and that mortgage holder lacked standing to foreclose because it was

9

not the owner of the mortgage note at time of foreclosure); *Chestnut v. Wells Fargo Bank, N.A.*, No. 10–CV–4244, 2011 WL 838914, at *3 (E.D.N.Y. Mar. 2, 2011) (holding that the "state court foreclosure judgment was a final judgment on the merits . . . and every one of Plaintiffs' claims were, or could have been, raised as claims or defenses in the previous action"). As in *Swiatkowski*, the Superior Court in the Foreclosure Action issued a final ruling as to foreclosure when it granted Wells Fargo's Motion to Reopen, re-entering Judgment of Foreclosure by Sale, and the subsequent Motion to Approve Sale by the Committee for Sale, which Plaintiff did not appeal. The Foreclosure Action, consequently, constituted an adjudication on the merits.

In sum, the Court concludes there was a prior adjudication on the merits, that the claims asserted in the current action were raised, or could have been raised, in the Foreclosure Action, and that the current action involves the same parties as in the Foreclosure Action. Accordingly, even under a liberal construction of Plaintiff's Amended Complaint, *res judicata* bars all of Plaintiff's claims in the current action against Wells Fargo. Wells Fargo has made several other alternative arguments as to why this action should be dismissed.[4] However, the Court declines to address those arguments in light of its conclusion that *res judicata* applies.

---

[4] The Court also agrees with Defendant that Plaintiff did not directly oppose Defendant's *res judicata* argument in his opposition, thereby conceding this point. *See Ross v. Port Chester Hous. Auth.*, No. 17-CV-4770, 2019 WL 4738941, at *7 (S.D.N.Y. Sept. 27, 2019) ("It is well-settled that the failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument and abandonment of the claims").

**IV.    <u>CONCLUSION</u>**

For the foregoing reasons, Wells Fargo's motion to dismiss (ECF No. 19) is **GRANTED**. The Amended Complaint is **dismissed with prejudice**. The Clerk is directed to close the case.

**SO ORDERED.**

Hartford, Connecticut
May 22, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge